**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-6320**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL GENE TERRELONGE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:09-cr-00229-RJC-DCK-1; 3:21-cv-00137-RJC)

Submitted: August 18, 2022                    Decided: August 23, 2022

Before WYNN, THACKER, and HEYTENS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Michael Gene Terrelonge, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Gene Terrelonge, a federal inmate, seeks to appeal the district court's order construing Terrelonge's self-styled "petition" as an unauthorized, successive 28 U.S.C. § 2255 motion and dismissing it for lack of jurisdiction. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on April 13, 2021. Terrelonge filed the notice of appeal on March 10, 2022.[*] Because Terrelonge failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Terrelonge could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2